## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ABEL HERNANDEZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) No. |
| **AMERICAN FIRE TRAINING SYSTEMS, INC., & KERRY ALFRED FIERKE, individually,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## **COMPLAINT**

Plaintiff, Abel Hernandez, by his attorneys, the Garfinkel Group, LLC, complains against Defendants American Fire Training Systems, Inc., and its owner, Kerry Alfred Fierke, individually, respectively, for failing to properly pay overtime wages for all compensable hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and in support thereof, states:

## **INTRODUCTION**

1. This is a straightforward case involving a clear violation of the FLSA and IMWL.

2. Defendants paid the Plaintiff his straight-time or his regular hourly rate for all hours worked each day.

3. Plaintiff worked in excess of forty (40) hours each week during the relevant time period.

4. At no point did Defendants pay Plaintiff time-and-one-half his hourly rate for his hours worked over 40 each week.

5. As a result of these illegal pay practices, Defendants violated the FLSA and IMWL.

## **JURISDICTION & VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. §216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

**PARTIES**

8. Plaintiff Abel Hernandez ("Plaintiff" or "Hernandez") is an adult resident of Joliet, Illinois, and a former employee of the Defendants.

9. Defendant, American Fire Training Systems, Inc. ("AFTS"), is a domestic corporation, doing business within this judicial district.

10. Defendant AFTS is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant AFTS was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 Ill. Comp. Stat. § 105/3.

12. Defendant, Kerry Alfred Fierke, is AFTS's owner, president, and registered agent.

13. Fierke, too, was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 Ill. Comp. Stat. § 105/3.

**FACTS**

Hernandez's Employment with Defendants

14. Plaintiff was hired by Defendant Fierke to work for another business owned by Fierke, A Warehouse on Wheels, Inc., in approximately August 2007.

15. In approximately 2017 or 2018, Plaintiff was transferred by Fierke to work for AFTS.

16. AFTS designs and constructs fire training towers for fire departments and military installations.

17. AFTS's website advertises that it performs these services for clients worldwide.

18. AFTS employs approximately 10 other welders like the Plaintiff.

19. Hernandez worked for Defendants as a welder, starting in approximately 2017 or 2018 through early June 2021.

20. Hernandez's duties included welding stainless steel, aluminum, and helping build trailers for fire departments and military entities to use for training purposes.

21. Throughout the course of his employment, Plaintiff worked ten-and-one-half (10.5) hours per day, five days per week, and five-and-one-half to six hours on Saturdays, with thirty-minute (30) lunch breaks.

22. Plaintiff's hours were 5:00 a.m. until 3:30 p.m., Monday through Friday, and 5:00 a.m. until 11:00 a.m. on Saturdays.

23. In total, and on average, Hernandez worked fifty-six (56) hours per week.

24. Plaintiff was paid hourly for his work.

25. Plaintiff's initial rate of pay was approximately $18.50 per hour.

26. By the end of his employment, he was paid $23 per hour.

27. At no point was he paid overtime wages, or time-and-one-half his hourly rate.

<u>AFTS Illegally Failed to Pay Hernandez's Overtime Wages</u>

28. The FLSA[1] requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40, in a given workweek. 29 U.S.C. § 207; 820 Ill. Comp. Stat. 105/4(a).

---

[1] The IMWL incorporates the FLSA's standards. See 820 Ill. Comp. Stat. § 105/1 *et seq.*; 820 Ill. Comp. Stat. § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (Courts have held that the

29. Hernandez was AFTS's employee as defined under the FLSA and IMWL. 29 U.S.C. § 203(d), (e); 820 Ill. Comp. Stat. 105/3(c), (d).

30. In addition, as a welder, Hernandez did not fall into any exemptions from overtime pay under the FLSA.

31. Accordingly, Hernandez is owed half time for all of the overtime hours he worked during the last three years, which is approximately 16 hours per week.

## COUNT I
## AGAINST AFTS & FIERKE INDIVIDUALLY
## FLSA – UNPAID OVERTIME

32. Plaintiff incorporates Paragraphs 1 – 31 as though fully set forth herein.

33. This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Hernandez at the overtime rate for all hours worked in excess of 40 per workweek, during the entirety of his employment. This resulted in Hernandez receiving less than the legal overtime rate for his overtime hours worked.

34. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times their regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

35. AFTS and Fierke were Plaintiff's employers, and the Plaintiff was AFTS and Fierke's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

36. Individual corporate officers or owners may be held liable for FLSA violations where they possess operational control. *Solis v. Int'l Detective & Protective Service, Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) ).

37. Fierke possesses and exercises the following authority as it relates to AFTS:

---

IMWL parallels the FLSA, and that the same analysis generally applies to both statutes,) (citing *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2004 WL 1882449, at *4 (N.D. Ill. 2004).

      a. The power to hire and fire employees;

      b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

      c. Determining employees' methods and rates of pay; and

      d. Maintenance of employees' records.

38. AFTS and Fierke violated the FLSA by failing to pay Plaintiff time-and-one-half his hourly rate for all hours worked over 40 during the time period relevant to this matter.

39. AFTS's and Fierke's violation of the FLSA was willful.

40. As a direct result of AFTS's and Fierke's violation of the FLSA, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

## COUNT II
## AGAINST AFTS & FIERKE INDIVIDUALLY
## IMWL – UNPAID OVERTIME

41. Plaintiff incorporates Paragraphs 1 – 31 as though fully set forth herein.

42. This Count arises from Defendants' violations of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, and their failure to pay Plaintiff at the overtime rate for all hours worked in excess of 40 per workweek. This resulted in Hernandez receiving less than the legal overtime rate for his overtime hours worked.

43. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

44. AFTS and Fierke were Plaintiff's employer, and Plaintiff was AFTS's and Fierke's employee, within the meaning of the MWL. 820 ILCS 105/3(c), (d).

45. AFTS and Fierke, by their management or agents, violated the IMWL by failing to pay Plaintiff time-and-one-half his hourly rate for all hours worked over 40 during the time period

relevant to this matter, which resulted in Plaintiff receiving less than the legal overtime rate for his overtime hours worked,

46. AFTS's and Fierke's violations of the IMWL were willful.

47. As a direct result of Defendants' violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

WHEREFORE, Plaintiff Abel Hernandez respectfully requests that this Court enter an order, granting judgment in his favor against Defendants American Fire Training Systems, Inc., and its owner, Kerry Alfred Fierke, individually, awarding him:

A. Damages in the form of unpaid overtime wages;

B. Liquidated damages, pursuant to the FLSA, in the amount of double his actual damages;

C. Interest at the rate of 2% per month for IMWL violations that occurred prior to January 1, 2020;

D. Interest at the rate of 5% per month **and** treble damages for IMWL violations that occurred on or after January 1, 2020;

E. Plaintiff's reasonable attorneys' fees; and

F. The costs of this action.

| | |
|---|---|
| The Garfinkel Group, LLC<br>6252 N. Lincoln Avenue, Suite 200<br>Chicago, IL 60659<br>Max Barack (IARDC No. 6312302)<br>max@garfinkelgroup.com<br>Haskell Garfinkel (IARDC No. 6274971)<br>haskell@garfinkelgroup.com<br>(312) 736-7991 | Respectfully submitted,<br><br>*/s/ Max Barack*<br>One of the Plaintiff's Attorneys |